**Guillermo RIVERA, Plaintiff,**

v.

**Madeleine ALBRIGHT, Secretary of the Department of State, Defendant.**

**No. 99 C 328.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 13, 1999.

David Rubman, Rubman and Compernolle, Chicago, IL, for Plaintiff.

United States Attorney's Office, Chicago, IL, for Defendant.

*MEMORANDUM AND ORDER*

MORAN, Senior District Judge.

Plaintiff, who is within the United States, seeks a declaration of United States nationality pursuant to 8 U.S.C. § 1503(a). The Secretary of State moves to dismiss or for summary judgment. Plaintiff now also seeks an order in the nature of mandamus ordering the issuance of a passport, although he concedes that certain factual determinations must be made before such an order can be issued. We deny the motion to dismiss or for summary judgment and we dismiss the purported mandamus petition.

The procedural facts are not in dispute. Plaintiff filed a passport application in 1993, giving his place of birth as Laredo, Texas. The State Department responded by requesting that he submit supporting documentation, with the advice that if it did not hear from plaintiff within 30 days the application would be filed without further action and any fee would be refunded. Plaintiff did not respond. Accordingly, the State Department, on June 9, 1993, sent him a form with two boxes checked:

1. It is assumed that you have abandoned your plans to travel abroad since a reply to our correspondence has not been received. Therefore, your request for passport services is being filed without further action.

\* \* \* \* \* \*

4. The United States Treasury will be requested to refund directly to your [sic] any passport fee submitted. according to law, the fee for the execution of the application cannot be refunded. (Please allow from six to eight weeks for the processing of your refund.)

A State Department stamp was placed on plaintiff's 1993 passport application as follows:

ABANDONED

PT/SF

AUG 02, 1993

Plaintiff filed a second application on July 1, 1994, with some documentation, and that was denied due to the inadequacy and insufficiency of the documentation. In connection with that application, plaintiff's attorney referred in a letter to the first application being "rejected." On April 11, 1998, plaintiff filed a third application. He was sent an undated and unsigned notice on Chicago Passport Agency letterhead, which bore the stamp "Approved," and stated "Your United States Passport Is Enclosed." However, no passport was enclosed. The defendant asserts that the third application was not approved but was still under consideration, an assertion for which plaintiff claims there is no evidentiary support. Defendant claims, and plaintiff's counsel acknowledges being told, that the document was sent out as a stratagem to prompt plaintiff's appearance at the Passport Agency. The application was denied in a March 30, 1999 letter, which contained a similar explanation for the earlier mailing. The letter of denial was well after this lawsuit was filed. The application does not indicate that it was approved.

Section 1503(a) provides that an action must be instituted within five years "after the final administrative denial." Defendant argues that the filing of the request in 1993 without further action was a final administrative denial, more than five years before suit was filed. We disagree.

Defendant relies on cases where the final administrative determination that a person was not a United States citizen was unmistakable. In *Vance v. Terrazas,* 444 U.S. 252, 256, 100 S.Ct. 540, 62 L.Ed.2d 461 (1980), *Heuer v. United States Secretary of State,* 20 F.3d 424, 425 (11th Cir. 1994), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994) and *Whitehead v. Haig,* 794 F.2d 115–116 (3d Cir.1986), Certificates of Loss of Nationality had been issued (although *Heuer* and *Whitehead* make clear that whether or not the issuance of a Certificate is a final administrative denial of a claim of citizenship for the purposes of § 1503(a) remains in dispute). In *Lee Wing Hong v. Dulles,* 214 F.2d 753, 755 (7th Cir.1954) passports

were denied on the ground that the applicants were not who they claimed to be. Ironically, in the latter two cases the determination of jurisdiction was in response to the Secretary's claim that denial of a passport was *not* a final administrative denial for the purposes of § 1503(a).

 Could plaintiff have sued on the basis of his 1993 application? *Yung Jin Teung v. Dulles*, 229 F.2d 244, 246 (2d Cir.1956) (relied on by the Secretary) suggests not—a request for documents which the applicant does not produce and does not say he cannot produce, unless it is clear that the applicant cannot produce them, is not a final administrative denial. Nor do we have an issue of unreasonable delay, as in *Chin Chuck Ming v. Dulles*, 225 F.2d 849, 852–53 (9th Cir.1955). Whether plaintiff *could* have sued, however, we need not decide. By the Secretary's logic, if someone who unquestionably is a citizen applies for a passport but fails to submit substantiating documentation (let us say he forgot to bring them), he abandons the application because his travel plans change, and then, six years later, he applies for a passport, his status as a citizen is solely a matter of administrative determination. We do not believe the status of citizenship is so fragile. *See Afroyim v. Rusk*, 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757 (1967) and *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). When, as here, the Secretary notes that the failure to follow up may be due to changes in travel plans, files the application without further action (*i.e.* approval or denial), and stamps the application "ABANDONED," we cannot, and the applicant need not, construe that as a final administrative denial based upon a denial that the applicant has a right to be recognized as a United States citizen. Plaintiff's counsel's less than artful reference to "rejected" in correspondence cannot change that.

We see no basis for this court having the authority to order the Secretary to issue a passport because of an unsigned, undated letter marked "Approved," when it is clear that the application was not marked approved by an appropriate official and no passport issued. The plaintiff's suggestion that we should do so is denied.